## BURTON v. DOYLE et al.

No. 7887—Opinion Filed May 8, 1917.

(165 Pac. 169.)

1. **Replevin — Sheriffs and Constables—Redelivery Bond—Liability on Official Bond.**

The redelivery bond in an action of replevin before a justice of the peace, provided for in section 5403, Rev. Laws 1910, must be taken by the officer levying the writ of replevin, and a redelivery bond taken and approved by a constable, who did not levy the writ of replevin, and who has not, as an officer, succeeded to the possession of the property under said writ, is not taken by said constable in the performance of his official duties. His approval thereof is of no effect, and imposes no liability upon his official bond.

2. **Trial—Demurrer to Evidence.**

Where the evidence of plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, does not warrant a recovery against the defendant, a demurrer to the evidence is properly sustained.

(Syllabus by Rummons, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action of replevin by Chistel Burton against John Doyle and another. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 48 Okla. 755, 150 Pac. 711.

Brook & Brook, for plaintiff in error.

W. W. Momyer, for defendants in error.

Opinion by RUMMONS, C. This is an action by the plaintiff in error against the defendant in error, John Doyle, a constable, and the surety upon his official bond, to recover damages sustained by plaintiff in error because of a breach of the conditions of said official bond. The parties will be hereinafter designated as they appear in the court below. Plaintiff's petition alleges that a writ of replevin was issued to the defendant Doyle in an action pending in a justice of the peace court of Muskogee county, commanding him to take from the defendant in said action one cow, of the value of $40; that the defendant Doyle, in obedience to said writ, seized and took into his custody said cow, but failed and refused to deliver said cow to plaintiff; that defendant recovered in the action in the justice of the peace court, and that said judgment became final; that plaintiff demanded of the defendant Doyle the delivery of said cow, or her value, but that the said Doyle refused to deliver said cow to plaintiff, or to pay the value thereof to plaintiff; that execution was issued upon the judgment rendered in the justice of the peace court, and returned "No property found"; and that plaintiff has recovered nothing by reason of said suit. The petition alleges that by reason of said facts the conditions of the official bond were broken and plaintiff was damaged. The defendant answered, denying generally the allegations of the petition, but admitting the execution of the bond, the pendency of the suit in the justice of the peace court, and the recovery of judgment therein by plaintiff, and denying specifically all liability to plaintiff. At the conclusion of the evidence on behalf of plaintiff, the defendants demurred thereto, which demurrer was sustained by the trial court, and the plaintiff saved exceptions to the ruling of the trial court upon said demurrer. Motion for a new trial having been duly filed and overruled by the court, and exception to such ruling by plaintiff duly saved, plaintiff brings this proceeding in error to reverse the action of the court below.

Under several assignments of error the plaintiff presents for review the action of the trial court in sustaining the demurrer to the evidence of plaintiff. To sustain the issues on the part of plaintiff, the guardian of plaintiff was offered as a witness, who testified to making demand upon the defendant Doyle for the return of the cow, or her value, which was admitted to be the sum of $40, and that neither the cow, nor her value, nor any part thereof, was ever recovered by the plaintiff. Plaintiff also introduced the docket of the justice of the peace, before whom the replevin action was tried, the writ of replevin, and the return thereof, and a rede-

livery bond, executed by the defendant in the replevin action. The docket shows that the writ of replevin was issued to Will Doyle, constable. The return upon the writ of replevin shows that it was served by Will Doyle, constable, by taking into his possession the cow described therein, and that, upon the execution of a redelivery bond by the defendant in replevin, said animal was redelivered to said defendant. The redelivery bond shows that it was taken and approved by the defendant Doyle. The defendant Doyle was a witness for the plaintiff, and testified that he was a constable and executed the official bond sued on; that, at the time the writ of replevin was issued and served, he thought no one was working under him as a deputy constable; and that Will Doyle was acting as deputy under another constable of Muskogee county. This was all the evidence in the case.

We think there is no merit in this appeal, for the reason that the evidence of plaintiff does not show that the defendant Doyle received or served the writ of replevin, or that he ever had in his possession the animal sought to be recovered. In fact, it appears that the writ of replevin was delivered to and served by Will Doyle, who was then acting as the deputy of another constable; so that the evidence offered by plaintiff does not tend to sustain the cause of action set out in the petition. It is alleged in the petition that the defendant Doyle received the writ of replevin, and in obedience thereto seized and took into his possession the said cow, but failed and refused to deliver her to the plaintiff. No connection is shown by the evidence between Will Doyle, who is shown to have taken the cow, and the defendant Doyle. The redelivery bond taken by defendant Doyle was taken without authority, since he was not the officer who served the writ. Section 5403, Rev. Laws 1910, provides:

"If, within twenty-four hours after service of the copy of the summons, there is executed, by one or more sufficient sureties of the defendant, to be approved by the constable, an undertaking to the plaintiff, in not less than double the amount of the value of the property, as stated in the affidavit of the plaintiff, to the effect that the defendant will deliver the property to the plaintiff if such delivery be adjudged, and will pay all costs and damages that may be awarded against him, the constable shall return the property to the defendant. If such undertaking be not given within twenty-four hours after the service of the order, the constable shall deliver the property to the plaintiff."

From this section it is apparent that in an action of replevin before a justice of the peace the redelivery bond must be taken by

the officer levying the writ, or by an officer who has succeeded to the possession of the property under said writ, since he is the only one who can return the property to the defendant if the redelivery bond be executed, or deliver it to plaintiff upon a failure to execute such bond. The redelivery bond, therefore, in this case was not taken by the defendant Doyle in the performance of his official duties, and his approval thereof was of no effect, and he is not liable upon his official bond therefor. Taylor v. Morgan, 43 Okla. 142, 141 Pac. 679, and cases there cited.

Nor does the plaintiff in this action seek to recover upon any failure or neglect of duty by the defendant Doyle in the taking of said redelivery bond. While it is argued in the brief of plaintiff that said redelivery bond was worthless, yet it is not so alleged in the petition, nor is there any evidence to that effect in the record. Nor does it appear that the plaintiff excepted to the sufficiency of the sureties upon said redelivery bond, as provided by section 5404, Rev. Laws 1910, and therefore all objection to the sufficiency of said sureties was waived by him.

The plaintiff having failed to produce any evidence at the trial warranting a recovery against the defendant Doyle and the surety on his official bond, the demurrer of the defendants to the evidence of plaintiff was properly sustained, and the judgment of the court below should be affirmed.

By the Court: It is so ordered.