## W. P. SEAWELL LBR. CO. v. LIVINGSTON et al.

No. 17940. Opinion Filed Feb. 28, 1928.

(Syllabus.)

Principal and Surety—Sureties Signing Bond Under Agreement with Principal to Obtain Another Surety—Nonliability of Sureties to Persons with Notice Where Other Surety not Obtained.

Where the sureties on a bond have exacted an agreement with the principal that he would procure an additional responsible surety on said bond before its delivery, and the principal, in violation of said agreement, fails to procure such additional surety, and the bond thereafter comes into the possession of the obligee, such bond is unenforceable as to said sureties, against all persons who had notice of the agreement and its breach thereof.

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by the W. P. Seawell Lumber Company against H. E. Livingston and others. Judgment against Livingston alone, and plaintiff brings error. Affirmed.

R. N. Linville, for plaintiff in error.

W. P. Hickok, for defendants in error.

LESTER, J. The parties to this appeal occupy the same position as in the district court.

The plaintiff brought an action for judgment on account of material furnished H. E. Livingston, a building contractor, who had undertaken to build and erect a school building under the terms of a certain contract made with the school board of consolidated district No. 3, Dewey county, Okla. The plaintiff also included W. F. Cuberly and W. P. Hickok, defendants, alleging that they were sureties on a certain building bond, guaranteeing payment for material furnished to the building contractor.

The defendants W. P. Hickok and W. F. Cuberly filed an answer in which they alleged in part:

"That at the time these defendants signed the said instrument declared on in the petition, it was understood and agreed, and it was required and demanded as a condition to the signing of the same by these defendants, that a third surety, to wit, a good and substantial surety living in the town of Leedy, Okla., should also sign the same as surety, and that such surety should be either E. T. Sumrall, C. R. Flint, or A. L. Smith, of the town of Leedy, and that the said instrument should not be delivered nor these defendants should not become liable thereon as sureties until such third surety had signed and executed the same as cosurety thereon, of all of which requirements and demands the plaintiff and school board of the school district contracted with had full knowledge; that the said instrument and bond aforesaid declared on by plaintiff was never delivered to, filed, or accepted by the school board of the school district, and never became and is not now the obligation of these defendants."

The plaintiff filed its reply to the answer, in which it was alleged in part:

"That the plaintiff, its agents and attorneys relied upon said bond and with the knowledge of the fact that the same was delivered to the school board and accepted by them as the bond required by the statutes of the state of Oklahoma in such cases made and provided."

The cause was tried to the court, and the court rendered judgment in favor of the plaintiff against the defendant H. E. Livingston, for the amount claimed in plaintiff's petition, and in the same judgment found the issues in favor of Hickok and Cuberly, defendants, and discharged them from liability on the bond, and from this judgment the plaintiff appeals.

The plaintiff makes numerous assignments of error, but after an examination of the record and briefs filed in the case, we are of the opinion that the only assignment of error that is worthy of serious consideration is whether the court was justified under the evidence in holding that there was an agreement between Livingston, Hickok, and Cuberly to the effect that there should be no delivery of the bond until Livingston had procured a third surety on said bond, and that this agreement was made known to the obligee and those claiming rights under said bond.

The bond was fixed in the sum of $15,000. Hickok and Cuberly each qualified for the sum of $5,000. The face of the bond recites the names of Hickok and Cuberly, as sureties, with a blank space left thereon in which the name of an additional surety could be

added. There were also three separate forms set out for the qualification of sureties. Livingston, Hickok, and Cuberly each testified that it was agreed among themslves that there were to be three sureties on the bond before the same should be delivered to the obligee.

Livingston testified in part as follows (C.-M. 107):

"Q. Was there anything said between you and myself? A. Yes. Q. Did you name what bondsman you would give? A. I told you, I think, Mr. Sumrall would sign the bond. Q. State whether or not that was an express requirement of myself that you should get Mr. Sumrall or Flint on the bond before turning it over? A. Yes, sir. * * * (C.-M. 108.) Q. My question is whether you said anything to Mr. Gilbert about Mr. Cuberly and myself requiring a third surety? A. Yes, sir. Q. The Court: What did you say to him? A. I told him that they required a third. Q. The Court: Who required it? A. Mr. Cuberly and Mr. Hickok. Q. That when he said it suited him the way it was? * * * (C.-M. 109.) A. Yes. I still kept the bond. I taken it down to the lumber yard—down to Mr. Parks. He was clerk of the school board and I taken it in to Mr. Parks, and I had carried it around then a week probably and I asked Floyd to put it in the safe and keep it until I got another man to sign. In fact of the matter, I was kinda bothered about the bondsman. The bondsman I expected to sign wouldn't sign. Q. Did Mr. Parks keep the bond? A. Yes. sir. He put it in the safe."

Gilbert and Parks, members of the school board, denied that Livingston ever at any time informed them about Hickok and Cuberly requiring of him to secure the name of a third surety on said bond before delivering the same to the school board.

The bond was dated July 18, 1923, and purported to have been signed on that date by Livingston, as principal, and Hickok and Cuberly, as sureties. The bond is shown to have been filed for record in the office of the county clerk on the 7th day of December, 1923. The case-made also shows the bond to have been filed in the office of the county clerk, but does not recite the date of the filing therein, and there is no evidence of the formal acceptance of the bond by the school board.

The court rendered, in part, the following findings of fact:

"That at the time of the signing of the bond by Cuberly and Hickok they delivered the bond to H. E. Livingston under the express requirements and condition that he should procure a third surety to sign and qualify on the bond, which third surety should be either E. T. Sumrall, A. L. Smith, or C. R. Flint, of the town of Leedy, Okla., each of said proposed sureties being substantial and reliable men, before the bond should be delivered to the obligee; that said Livingston conveyed the bond to the town of Leedy and exhibited the same to H. S. Gilbert, the director of said consolidated district, and the bond was placed in the safe in the First National Bank of Leedy, Okla.; that the said Livingston failed to get any additional surety on the bond after having made an effort to do so and stated his inability to get such additional surety, as required by the sureties already signing, to two members of the board of said district, who expressed satisfaction with the sureties already obtained, but without formally approving the bond as a board; that this occurred sometime in the month of July, between the 18th of July and the 1st of August, the date being uncertain; that no approval of the bond was ever had by the school board and nothing further ever done with reference to the bond until in the month of December, 1923, the bond was procured by the school board from the safe in the First National Bank and taken without the knowledge or authority of the principal or sureties to the county seat of said Dewey county, Okla., and filed with the court clerk and recorded in the office of the county clerk; that the bond was never signed by any additional sureties. * * *

"That the bond never was delivered to the obligees, and that it was never accepted or approved by the board of said school district.

"That the facts and circumstances under which the board obtained possession of the bond, and the defects and conditions apparent on the face of the bond put the obligee upon inquiry as to the conditions under which the instrument was delivered to the principal, H. E. Livingston, by the sureties, W. P. Hickok and W. F. Cuberly."

The record further shows that F. H. Parks, clerk of the school board, was also manager of the W. P. Seawell Lumber Company, of Leedy, Okla., and had notice that an additional surety was required by Hickok and Cuberly.

From an examination of the evidence introduced in the trial of said cause and the finding of facts made thereon by the court, we are unable to say that such finding and judgment thereon are not reasonably supported by competent evidence.

The plaintiff in error cites the case of Benton County Savings Bank v. Boddicker (Iowa) 75 N. W. 632. Upon examination of that case we find that the court there said in syllabus, paragraph numbered 8:

"Constructive notice to an obligee that a bond is being delivered in violation of a condition on which a surety signed it is sufficient to charge him with notice that it is for that reason illegal."

In the body of that opinion it is said:

"It is a rule of general application that when one of two innocent parties must suffer loss it should fall upon the one whose acts caused it. Quick v. Milligan, supra. We reach the conclusion that the doctrine of Daniel v. Gower, which we have considered, is contrary to reason and the weight of authority, and so far as the case announces that doctrine it is overruled. If it be shown that the bond was delivered by the principal in violation of the condition on which it was signed by the sureties, nevertheless the plaintiff may recover if it show that it received the bond in good faith, for a sufficient consideration, without knowledge or notice of the condition upon which the defendants signed it."

In Wheeler & Wilson Mfg. Co. v. Briggs (Tex.) 18 S. W. 555, the court said:

"The agent of the plaintiff in error knowing that the instrument was not to be delivered or take effect unless signed by the other persons named, this knowledge affects the plaintiff with notice of that fact, and a delivery under such circumstances was, in law, no delivery at all. The evidence was conflicting, but it was the province of the jury to pass upon it, and their verdict cannot be disturbed."

In the instant case it is shown that Livingston informed the obligee that Hickok and Cuberly required an additional surety on said bond before its delivery to the obligee. It is further shown that the bond was retained by a member of the board several months before it was finally filed as required by statute. Livingston claims that he had left the bond with a member of the board for safe-keeping until he could procure an additional surety thereon, which was never done.

The trial court having found that Livingston informed the members of the school board that the sureties exacted of him that he secure another surety on said bond, was due notice of the agreement between Livingston and the sureties on said bond, and said bond having come into the possession of the obligee with notice that the sureties, Hickok and Cuberly, had required of the principal that he procure an additional surety before its delivery, and it further appearing that the Seawell Lumber Company also had notice of this agreement, we hold that the sureties are thereby discharged from said obligation as against all parties who had notice of said agreement.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See 32 Cyc. p. 46; 21 R. C. L. p. 968; 4 R. C. L. Supp. p. 1440.