### HOWARD v. FIRST NAT. BANK OF AD-DINGTON.

No. 18787. Opinion Filed Oct. 8, 1929.

Green & Pruet, for plaintiff in error.

J. L. Vertrees and Anderson & Anderson, for defendant in error.

HUNT, J. This is an appeal from the district court of Jefferson county in an action wherein the defendant in error here was plaintiff and the plaintiff in error was styled the movant, and for convenience the parties will be referred to here as they appeared in the court below.

Plaintiff instituted suit in the court below to recover judgment on a certain promissory note executed by one W. A. Musgraves, and possession of certain personal property covered by chattel mortgage given to secure said note was also sought under writ of replevin. Upon service of summons and the writ on the defendant Musgraves, he executed a redelivery bond signed by the movant herein and retained possession of the property described in the writ of replevin, and thus defeated the plaintiff in its effort to obtain possession of the property under the mortgage and the replevin bond which it had executed at the time of filing suit. Some 60 days after the execution of the redelivery bond, the movant filed motion to vacate and set aside the writ of replevin and return thereof, alleging that the writ was not

issued, served, or returned according to law; that the movant signed the redelivery bond under the false and fraudulent representations of the defendant to the effect that said bond was not to be delivered to the sheriff and become effective until the signatures of other parties were procured to same; that said writ was not properly served because of the fact that the sheriff did not go upon the premises of the defendant and take physical possession of the property described in the writ and did not see the property or make any effort to ascertain whether or not the defendant had same in his possession, and that as a matter of fact the defendant had only a part of the property covered by the mortgage and described in the writ in his possession at the time of the issuance and service of the writ.

This motion came on for hearing, and after hearing evidence the court entered judgment denying the relief sought by the movant, and it is from this judgment this appeal is prosecuted. Eight separate assignments of error are set out in the petition in error filed herein, but some are grouped and discussed in the brief of plaintiff in error under three general propositions, as follows:

"(1) That there was no levy of the writ as required by law, and that an officer who does not serve a writ of replevin has no right or authority to accept or approve a redelivery bond in replevin. ·

"(2) That, the evidence having shown that the defendant was in possession of only a part of the property described in the writ, the court should have required the return to be amended so as to describe the property in the possession of the defendant.

"(3) Where a bond is signed on condition that others sign it before delivery, and it is delivered without the additional signatures, it cannot be enforced against the parties who sign."

It is the contention of the movant that the facts in this case clearly show that the officer did not take physical possession of any of the property described in the writ, and that the levy was therefore not made as required by law, and having failed to make a lawful levy, that the officers had no authority to accept or approve the redelivery bond herein; that the essential part of the writ of replevin is the demand to seize the property, and it was therefore the duty of the officer on serving the writ to make an actual seizure of the property. In support of his contention on the first proposition movant cites State v. Beckner (Ind.) 31 N. E. 950, and Burton v. Doyle, 65 Okla. 126,

165 Pac. 169. If movant were correct in his assumption that no legal levy had been made herein, certainly the officer, under these authorities, would have no right to accept a redelivery bond and his approval thereon would be of no effect.

Plaintiff, however, cites the case of First State Bank of Blanchard v. Armstrong, 119 Okla. 98, 248 Pac. 1107, wherein this court stated:

"Where, in a replevin action, the defendant, upon service of summons and the order of replevin, executes a redelivery bond, he thereby admits that he is in possession of the property and he and his sureties on the redelivery bond are estopped from setting up the defense that the property has been sold at foreclosure sale of another mortgage prior to the commencement of the action."

It clearly appears from the record herein that the writ was duly issued upon proper bond having been given by the plaintiff, and that the officer was authorized thereby to take possession of the property described in the writ, but he allowed the defendant, as by law he was required to do, 24 hours within which to give a redelivery bond and retain possession of the property; that at the time of service upon defendant he advised him that he was at that time taking possession of the property under the writ, but appointed defendant as custodian of same to hold the property pending the expiration of the time allowed within which to give redelivery bond, and upon the giving of the bond within the time allowed, the officer released his right to possession of the property and allowed defendant to retain same.

As was said in the case of Boyce v. Augusta Camp. 4729 Modern Woodman, 14 Okla. 642, 78 Pac. 322, by this procedure the plaintiff was in law notified that further pursuit of the property was unnecessary and that if he recovered judgment in the replevin action, the value of the property to the extent of plaintiff's interest therein would be forthcoming if the property could not be returned. We think, under these authorities, the movant is clearly estopped from questioning the conditions or the terms of the redelivery bond herein or denying that defendant possessed all of the property or the legality of the levy.

As to the second proposition of movant, only one Oklahoma case is cited, to wit, Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, wherein this court held that extrinsic evidence dehors the judgment roll is admissible to correct or contradict the officer's return of service and recital of service in

the judgment. This authority is not applicable under the facts here. In our judgment, the case of First State Bank of Blanchard v. Armstrong, supra, is clearly in point and determines the question here presented adverse to movant's contention.

Under the third proposition no authorities are cited by movant, and reference is made to quotation from 4 R. C. L. page 50, wherein it is stated that in numerous decisions it has been laid down that where a bond is signed on condition that others will sign before delivery and it is delivered without the additional signatures, it is merely an escrow in the hands of the officer to be delivered only after the performance of the conditions as to obtaining additional signatures and if delivered without performance of that condition it is not obligatory. It may be that there are some cases holding to this effect, but, as stated above, none are cited by movant, and, in our judgment, the better rule is that, in the absence of any notice to the obligee or the sheriff as to the alleged condition under which the bond was signed, same is valid and binding upon the sureties. It is not contended that either the plaintiff or sheriff herein had any notice of the conditions under which movant claims to have signed this bond. Said notice was made a condition precedent to escape liability on the bond in the case of W. P. Seawell Lumber Co. v. Livingston, 129 Okla. 286, 264 Pac. 825. Any other rule in our judgment would be productive of much fraud and make it possible for parties to secure for themselves possession of valuable property by producing a bond valid and regular upon its face, and subsequently defeat recovery on same by claiming a secret agreement between the principal and surety to which the obligee is not a party and of which he had no notice.

We are clearly of the opinion the action of the court in overruling the motion filed herein by movant was without error, and the judgment rendered herein is therefore in all things affirmed.

All the Justices concur.

Note—See "Replevin," 34 Cyc. p. 1460, n. 84; p. 1461, n. 90.