BOLES v. JOHNSON.

No. 34185.   Oct. 2, 1951.

Rehearing Denied Nov. 20, 1951.

*237 P. 2d 620.*

F. A. Bodovitz, Tulsa, for plaintiff in error.

Bush, Gable & Gotwals, Tulsa, for defendant in error.

CORN, J.   Plaintiff brought this action to recover $2,525 damages alleged to have been incurred through defendant's failure to convey real property under a written offer to purchase. The recovery sought included $125 earnest money deposit to the M. W. Turner Company which defendant did not receive, and further damages for breach of the following written contract:

"Offer to Purchase.

"I, or we, the undersigned, hereby agree to purchase the following described real estate situated in Tulsa County, Oklahoma, to-wit:

"Lot 19, Block 1, Add'n Electa Heights Street address, 1335 South Pittsburgh

at and for the price of Six Thousand Seven Hundred and Fifty Dollars ($6750.00) upon the following terms, to-wit: _____Cash?

"Subject to the execution of a G.I. Loan for $6750.00.   All window shades, awnings, linoleum, and fixtures on the premises being attached thereto, are to go with the property.

"Taxes for 1945 and prior years to be paid by seller.   Escrow or accrual funds, if any, to be adjusted to date of transfer.

"I hand to M. W. Turner Company an earnest monty (sic) money on this purchase my check, or cash for $125.00.

"It is understood and agreed this property is purchased "AS IS" and no verbal agreements are binding on either party.

"If this offer is not accepted, or if good title, is not delivered within reasonable time, the earnest money shall be returned to me.

"Subject to all city, county, state and federal laws and regulations.

"Employer Walter O'Bannon.   Age 27
    Depend. 1     Income $2700.00
"Witness my hand this 15th day of June, 1946.

"/s/ Reuben S. Boles, Jr.,

"/s/ Virginia T. Boles.

Purchaser.

"Signed in the Presence Of:

"A. C. Meyer,

"Salesman,

"DEED TO: _____
_____

"The above agreement to purchase is accepted this _____day of_____ 194___ I agree to furnish an abstract showing good or insurable title and deliver a good and sufficient warranty deed to the above property.

"/s/ Burl Johnson,
"Owner of Property.

"Possession to be given."

Plaintiff alleged defendant's association with M. W. Turner, who, in turn was associated with one Anderson, and that defendant maintained his place of business with these parties. After execution of the contract defendant assumed responsibility for obtaining a G.I. loan for plaintiff, and thereafter notified him same had been approved by the American First Trust Company, whereupon plaintiff and his wife executed a note and mortgage evidencing and securing the indebtedness and delivered same to defendant, and an insurance policy covering the premises was delivered to plaintiff. Plaintiff and his wife took possession of the premises, purchased necessary furnishings and moved into the property in September, 1946. In October, plaintiff was advised his G.I. loan had been canceled because plaintiff's wife had secured a divorce, and demand was made for plaintiff to surrender possession of the property. Plaintiff made several unsuccessful efforts to secure a loan elsewhere, and then vacated the premises in November, 1946. Plaintiff pleaded readiness and willingness to perform under the contract, demand upon defendant for performance and for return of the earnest money which were refused, and asked money judgment for damages sustained.

Defendant's answer admitted the partnership with M. W. Turner and the partnership's construction of the house, execution of the contract, and that plaintiff was unable to secure a G.I. loan and thus was entitled to return of the earnest money. The answer denied generally all other allegations of the petition, and alleged the Morris W. Turner Company had tendered back the earnest money. By cross-petition defendant alleged plaintiff's possession and occupancy of the premises for four months without paying therefor at a reasonable rental of $67.50 per month, thereby being indebted to defendant for $270, and that same had been listed for intangible taxes.

Plaintiff's reply denied all matters inconsistent with the allegations of the petition and further pleaded defendant's assumption of responsibility of obtaining the necessary loan; that same had been approved, but was canceled by defendant who had control thereof, and that such cancellation prevented plaintiff from securing a loan elsewhere, for which failure defendant was responsible. Plaintiff denied the allegations of the cross-petition and pleaded his occupancy of the premises under the contract to purchase, and that he was not liable for rent and no demand had been made therefor.

At the conclusion of the plaintiff's evidence, the trial court sustained defendant's demurrer thereto, discharged the jury and dismissed the case. The court stated the reasons for such action as being that the sale was subject to execution of a G.I. loan and there was no evidence such loan ever was made, or that defendant in any manner interfered with or prevented plaintiff from securing a loan; that defendant did not receive the earnest money deposit, but same was received by Morris W. Turner Company, not a party to the action.

In appealing from the trial court's order and judgment, the plaintiff's grounds for reversal are predicated upon the contention the trial court erred in sustaining defendant's demurrer to plaintiff's evidence. The argument supporting such contention is to the effect that because defendant and his associates undertook to secure a loan and obtained approval therefor, required execution of a note and mortgage and secured issuance of a policy of insur-

ance, and delivered possession of the premises to plaintiff, such a course of conduct constituted a waiver of the condition contained in the contract relative thereto. And, that defendant, and associates, could not legally cancel and withdraw the loan because of plaintiff's divorce.

The pertinent facts reflected in the record may be summarized in the following manner: One Meyer was a real estate salesman employed by the Morris W. Turner Company, owned solely by M. W. Turner, who also operated an insurance agency; the Turnerbuilt Homes Company in partnership with defendant herein; and the Turner Investment Company, a loan brokerage business, in partnership with one Anderson. This company acts as agent for the American First Trust Company, acceptor of loans closed by the Turner Investment Company, and defendant had no connection therewith.

June 15, 1946, following negotiations between Meyer, the plaintiff and his wife, the offer to purchase was signed, subject to execution of a G.I. loan, and plaintiff deposited the earnest money payment with the M. W. Turner Company. The offer was accepted by defendant. Subsequently, plaintiff visited the Turner Investment Company to secure a G.I. loan. A satisfactory credit report on plaintiff was secured, plaintiff and wife executed a note and mortgage and the necessary procedure initiated for closing of a loan. During processing of the loan plaintiff and wife were permitted to take possession of the property, about September 20, 1946. Before the loan was closed plaintiff's wife instituted a suit for and secured a divorce. The testimony was that before it was time to close the loan the Turner Investment Company learned of the divorce, and that as it was a policy of the company not to make loans under such circumstances, plaintiff's application was turned down and he was advised as to the reason for this. However, plaintiff was advised that if he could secure a loan elsewhere the de-

fendant still would make the sale. The investment company turned its file over to plaintiff's attorney for use in securing a loan elsewhere.

One loan company declined to make the loan for the reason that M. W. Turner was a director of the organization. A second loan association considered the application but refused to make the loan. A third application, to a mortgage loan company, was rejected upon the ground the company did not care to make a loan which already had been rejected by the Turner Investment Company. A fourth application to another loan company was rejected. Plaintiff had been advised by the salesman (Meyer) that the loan had been disapproved and that he would have to vacate the premises. After being unable to negotiate a loan plaintiff moved from the property about November 21, 1946.

The first proposition relied upon by plaintiff is that a demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove, and all inferences and conclusions which reasonably and logically can be drawn therefrom. Such rule is so firmly established that it requires no citation of authority in support thereof.

It is the application of such rule to the facts reflected by this record which requires attention, in view of plaintiff's second proposition, which is as follows:

"The defendant, seller of the real estate, arbitrarily terminated the contract of sale and refused to convey the real estate, required the plaintiff, the purchaser, to remove therefrom, although the required loan had been approved, the necessary note and mortgage had been executed and delivered and the plaintiff put in possession, and such loan had been executed in substance."

Plaintiff's argument is that after the loan had been "approved", evidence of the indebtedness executed, and plaintiff put in possession of the property, the defendant arbitrarily terminated the

contract and refused to execute a deed to plaintiff. It is urged that the contract imposed no obligation upon plaintiff to secure a loan, and that the circumstances, conduct of the parties, and necessary inferences to be drawn therefrom, clearly establish defendant's assumption of such obligation. Such argument, in turn, is predicated upon the proposition that the salesman (Meyer) who handled the sale and filing of the loan application, was defendant's agent. It should be noted here that nothing in this contract imposed the duty upon defendant to negotiate a loan for the plaintiff.

The evidence herein is sufficient to destroy this argument. The salesman (Meyer) advised plaintiff he would take care of securing the loan. The loan application had to be signed by plaintiff, who called at the office of the Turner Investment Company and signed same before Mr. Anderson, a company officer, who testified this matter was not discussed with defendant, who had no connection with the loan company. The loan was processed by Anderson and was tentatively approved, until the company received information relative to plaintiff's divorce. There is an absolute lack of evidence, or reasonable inference to be drawn under the circumstances, tending to establish that defendant in any respect had anything to do with the rejection of plaintiff's loan. Rather, it is disclosed that the loan was rejected entirely upon the recommendation of Anderson, because the investment company did not consider plaintiff a good risk in view of the divorce decree granted his wife during the period the loan was being processed. We are cited to no rule of law which precludes a lender from prescribing the credit qualifications of prospective borrowers, or which leaves the lender no discretion in the granting of a loan after it is determined that the applicant previously has been a good risk.

Plaintiff relies upon the rule announced in Mount, Gdn., v. Schulte, 193 Okla. 335, 143 P. 2d 424, to the effect that a party to a contract may not deliberately prevent the happening of a condition therein and then take advantage of such condition to defeat his liability upon the contract. Applicability of such rule is urged upon the ground that because of the close business connections of the parties, it must be inferred that defendant or his associates forced rejection of plaintiff's loan. The evidence herein is wholly insufficient to support the application of such rule, or to give rise to the unfounded inferences sought to be drawn by plaintiff from the circumstances surrounding this transaction.

It also is a settled rule that where the plaintiff's evidence, together with such inferences and conclusions as may reasonably be drawn therefrom, does not warrant a recovery against the defendant, a demurrer to the evidence should be sustained. Burton v. Doyle, 65 Okla. 126, 165 P. 169; Halbach v. Parkhill Truck Co., 169 Okla. 475, 37 P. 2d 971.

It was urged at the trial, and the trial court so found, that defendant did not receive this payment, but same was made directly to M. W. Turner Company, which was not a party to the action and no judgment could be rendered against the company. The trial court erred in this respect. The contract to purchase recited that the earnest money payment was payment upon the purchase price. Subsequent to execution of the contract the defendant acknowledged acceptance of such offer and signed the agreement as owner of the property. Being owner of the property, it necessarily follows that any payment which was part of the total purchase price was for the seller's benefit. Having accepted the contract as executed, the defendant should not be permitted to avoid responsibility for such payment upon the ground the actual payment was made to the seller's agent, rather than to defendant, even though shown that defendant actually did not receive such payment.

To support the trial court's ruling upon this issue defendant relies upon Meek v. Flynn et vir, 198 Okla. 18, 174 P. 2d 363, which holds that where a selling agent joins in a written contract and accepts an earnest money deposit, which is to be returned if the sale is not consummated, such agent is liable for such sum if the agent refuses to return same. The distinguishing feature between that case and the matter before us is found in the fact that herein the seller personally accepted the contract, thus recognizing that the earnest money was paid upon the purchase price, and that such amount was to be returned to plaintiff in the event of failure to complete the sale. It is not our understanding that the rule in the Meek case, supra, would limit the right of action (for recovery of earnest money payments) to the seller's agent in all circumstances, and defendant urges no defense to this claim other than to assert that he did not actually receive the money.

It appears further from this record that defendant concedes plaintiff is entitled to a return of the earnest money, and that the M. W. Turner Company seemingly does not claim title to such sum, but the trial court concluded that no judgment could be entered against the actual recipient of the money because the company was not a party to the action. In view of what is said above, we are of the opinion the trial court erred in such ruling. For this reason the trial court's order sustaining the demurrer is reversed as respects plaintiff's right to recover the earnest money, with directions to enter judgment for plaintiff for such amount. The judgment in all other respects is affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.