Van Dyke and wife, Respondents, v. Lauer and wife, Appellants.

*December 3, 1959—January 5, 1960.*

142

For the appellants there was a brief by *Lauer & Peterson* of Clintonville, attorneys, and *Alfred S. Bradford* of Appleton of counsel, and oral argument by *Mr. Bradford* and *Mr. Ralph M. Lauer*.

For the respondents there was a brief by *Van Hoof & Van Hoof* of Little Chute, and oral argument by *Gerard H. Van Hoof*.

CURRIE, J. The sole issue on this appeal is whether the loss of the $3,000 embezzled by Davidson, the escrow holder, should fall upon the plaintiff purchasers or upon the defendant vendors.

The determining factor is not that Davidson was originally the agent of the vendors at the time the escrow arrangement was entered into, but rather who had title to the $3,000 at the time the escrow holder absconded with it. The controlling principle of law is well stated in the annotation entitled, "Who must bear loss resulting from defaults or peculations of escrow holder," 15 A. L. R. (2d) 870, 871, as follows:

"Speaking generally, it has become well settled that a loss occasioned by the default, peculation, or similar wrong of an escrow holder, must, as between the parties to the escrow transaction, be borne by the one who, at the time of its oc-

currence, was lawfully entitled to the right or property affected."

If a purchaser deposits part or all of the amount of the purchase price in escrow with the broker of the vendor with instructions not to deliver the same to the vendor until certain title documents are received by the broker, with no agreement that the deposited money is to be immediately credited upon the purchase price, and the broker in the meantime absconds with the money, the loss falls upon the purchaser. *Hildebrand v. Beck* (1925), 196 Cal. 141, 236 Pac. 301, 39 A. L. R. 1076, and *Lieb v. Webster* (1948), 30 Wash. (2d) 43, 190 Pac. (2d) 701. In such a situation there is no intention manifested that title to the money should pass to the vendor until the title documents are received by the escrow holder. The defendant vendors in the instant case contend that the escrow agreement should be so construed as to provide that title to the deposited $3,000 was not to pass to themselves as vendors until the transaction was consummated on the day of closing at the broker's office. On the other hand, it is the position of the plaintiff purchasers that the condition for passing title to the $3,000 occurred when the vendors accepted the offer to purchase, and that the words, *"as an earnest-money payment upon the purchase price of said property,"* evince an intention that such $3,000 then became the property of the vendors.

We are of the opinion that the cases of *Boles v. Johnson* (1951), 205 Okla. 356, 237 Pac. (2d) 620, and *Summers v. Hedenberg* (1916), 198 Ill. App. 460, support the position of the plaintiff purchasers.

In *Boles v. Johnson, supra,* the plaintiff vendee sought to hold the defendant vendor liable in damages because of the latter's breach in failing to convey certain real estate that the plaintiff had contracted to buy. The damages sought included $125 earnest money paid in escrow to an escrow holder under a written offer to purchase, which offer to

purchase the defendant had accepted in writing. The defendant's defense with respect to the $125 was that it had never come into his possession. The offer to purchase recited the payment of the $125 as "earnest money on this purchase" and contained this further significant sentence, "If this offer is not accepted, or if good title is not delivered within a reasonable time, the earnest money shall be returned to me [the purchaser]." The Oklahoma court held that the defendant vendor was liable to the plaintiff for such $125 and stated (205 Okla. 359, 237 Pac. (2d) 623):

"The contract to purchase recited that the earnest-money payment was payment upon the purchase price. Subsequent to execution of the contract the defendant acknowledged acceptance of such offer and signed the agreement as owner of the property. Being owner of the property, it necessarily follows that any payment which was part of the total purchase price was for the seller's benefit."

The action in *Summers v. Hedenberg, supra,* was instituted by the vendor against the purchaser to have declared void a certain contract of sale of realty entered into between the parties; to have a declaration of forfeiture of the contract made by the plaintiff decreed valid; and that a $1,000 deposit made by the defendant in escrow with the Chicago Title & Trust Company be forfeited and such title company ordered to pay such sum to the plaintiff. The contract of sale specified a purchase price of $29,500, of which $1,000 was to be paid down as earnest money, two further payments of $4,000 and $5,000 were to be paid at stated intervals, and the balance was to be paid in the form of notes secured by a deed of trust. The contract further provided that the contract, the $1,000 earnest money, the subsequently to-be-paid $4,000 and $5,000 payments, and the notes and trust deed, were to be held in escrow by the title company until a good and sufficient warranty deed of the vendor had been received and recorded, and the title company had issued

its report that the purchaser had good title. The purchaser paid the $1,000 earnest money to the title company but failed to make any further payments, and the vendor declared a forfeiture. The court in its opinion stated (198 Ill. App. 466):

"The contract shows that the purchaser parted with the earnest money for the benefit of the seller; that is, he paid it as part of the purchase money. . . . It makes no difference whether the earnest money was delivered to the seller or by agreement is held by a third party. In case of defects in title which are not cured, at purchaser's option the contract becomes void and said earnest money should be returned. If the purchaser fails to perform, then at seller's option the earnest money should be retained by the vendor as liquidated damages.

"By the terms of the contract the earnest money was Summers' money from the moment it was paid over as part of the purchase money, and so remained unless there was a defect in the title which was neither cured nor excused."

It is our considered judgment that, if the plaintiff purchasers in the instant case had paid the $3,000 to Davidson and the latter had absconded with it prior to the defendant vendor's accepting the offer to purchase, the loss would have been upon the plaintiffs. However, as here, where the embezzlement occurred after the defendants had accepted the offer, the loss must be borne by them. This is because the $3,000 then constituted *"an earnest-money payment upon the purchase price."* As soon as it became such earnest-money payment upon the purchase price, title became vested in the defendants, subject to be divested by a condition subsequent if, at the time set for consummation, the defendants defaulted in performance under circumstances which entitled the plaintiffs to recover the earnest money.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.