OPINION OF THE COURT
Thomas Aloi, J.
This motion to recover moneys held in trust presents a novel question for decision by this court: both parties claim the interest which as accumulated on a sum held in escrow.
In 1975, the parties entered into a contract for the sale to plaintiff of an apartment building owned by the defendant, Kotzer. While the sale of that property has occasioned much litigation between these and other parties, only the facts *115 pertinent to the particular issue before this court will be recited herein.
Plaintiffs original purchase offer was contingent upon the absence "of any building code * * * violations and/or material structural defects”. Defendant accepted the offer on October 29, 1975. On November 28, 1975 the County Health Department advised that the water supply was not satisfactory, which necessitated extensive repairs to the water and sewage systems of the property. There is no question but that under the terms of the original contract for sale, defendant would have been obligated to make the repairs necessary for compliance with Health Department requirements.
However, during the course of subsequent litigation, the parties entered into a stipulation in open court on January 13, 1976, wherein it was agreed that the closing "shall occur as soon as possible”, and that "from the purchase price paid by [plaintiff], that the sum of $12,600 shall be held back and given to Morrell Southwick as an escrow agent, and that from this sum of $12,600, the water service and the sewage system at such aforementioned property, shall be repaired and made suitable for occupancy of the dwelling”.
The closing took place on January 26, 1976. The closing statement reflects a deduction of the $12,600 "holdback” from defendant’s equity in the property. That portion of the purchase price was paid to the escrow agent, and was subsequently disbursed for repairs, pursuant to the stipulation. While held in escrow, the money generated over $700 in interest.
Plaintiff claims that he is entitled to the interest, since the actual cost of the sewer and water repairs was $14,012.50, and that since defendant failed to deliver the property in the condition required by the contract of sale, defendant never became entitled to payment of the $12,600 on which the interest was earned.
Defendant argues that as the $12,600 was part of the purchase price paid for the property, title to those funds remained with defendant until paid out by the escrow agent for repairs.
Under the original contract for sale, plaintiff could have delayed transfer of title, insisting that defendant perform the necessary repairs before closing. Defendant would thus have been liable for the full amount of the sewer and water repairs. By their stipulation, however, the parties modified the origi *116 nal contract terms, in effect limiting defendant’s liablity for those repairs to $12,600.
On January 26, 1976, at the closing, plaintiff took title to the real property, and title to the full purchase price passed to defendant — $12,600 of which was, however, subject to any claims for sewer and water repairs submitted pursuant to the stipulation. From the time of closing, plaintiff relinquished title to the $12,600 which, although actually held by an escrow agent, formed part of the consideration paid to defendant for the sale of the property. Had the repairs cost less than $12,600, defendant would certainly have been entitled to the return of the balance.
 Although the court has not found a case dispositive of this precise issue, the general rule as regards responsibility for the loss of property held in escrow is that "the loss, as between seller and buyer, falls on the one who owned the property at that time” (Asher v Herman, 49 Misc 2d 475, 478). Why then, should the rule as regards proñt, be different? "[I]t seems incongruous to us to hold that plaintiff is entitled to interest on a principal sum to which it was not entitled” (Fleschner Bros. v Consoldiated Edison Co. of N. Y., 279 App Div 69, 71). For these reasons, the court finds that defendant is entitled to the interest now in the hands of the escrow agent.
Since the stipulation was limited by its terms to water and sewer system repairs, the question of electrical repairs played no part in this decision.