Timothy E. N. **TERRY**, Appellant,

v.

**CASTLETON FARM, Division of Castleton, Inc.**, Appellee.

Court of Appeals of Kentucky.

June 26, 1981.

Joseph H. Miller, Ray A. Webb, Lexington, for appellant.

Catesby Woodford, Lexington, for appellee.

Before GANT, HOGGE and WILHOIT, JJ.

HOGGE, Judge.

In this case Timothy Terry appeals from a judgment of the Fayette Circuit Court granting appellee, Castleton Farm, $6,821.26 representing interest earned on the appellee's down payment on the purchase of a farm. The total purchase price of the farm bought by Terry was $2,280,000.00 to be paid as follows:

(a) Two Hundred Twenty Eight Thousand Dollars ($228,000.00) simultaneously with the execution and delivery of this contract, to be applied at the closing against the purchase price or refunded to Buyer as hereinafter provided and to be held in the escrow account of Swinebroad-Denton; and (b) Two Million Fifty-Two Thousand Dollars ($2,052,000.00) simultaneously with the delivery of a deed of conveyance at the time of closing.

The $228,000.00 initial payment was placed in an interest-bearing escrow account by Mr. J. T. Denton of Swinebroad-Denton Real Estate Agency, at the direction of both parties to the April 10, 1979 contract. The contract provided that the down payment was to be retained by the seller if the Buyer failed to consummate the contract for any reason other than failure of merchantability of title or breach of covenant by the seller. Under the agreement, the seller was to deliver possession of the property simultaneously with the delivery of the deed on August 1, 1979. It appears from the record that the only use made of the farm by Terry prior to the closing date was to move some mowing equipment on to it. Until the closing date, Castleton continued to use the farm for its livestock.

On the closing date of August 1, 1979, a dispute arose between the parties as to who was entitled to the $6,821.26 in interest accrued on the $228,000.00 down payment.

The parties agreed to proceed with the closing and place the disputed sum in the hands of the Swinebroad-Denton Real Estate Agency to hold pending subsequent agreement of the parties or a Fayette Circuit Court order. This litigation followed.

Although cases have been decided which involve similar issues, the precise issue raised by this case—who is entitled to interest on a down payment on the purchase price of property which is held in escrow prior to closing—is a question of first impression in Kentucky. It is our opinion that the parties could have contracted to have the interest paid to either vendor or vendee. *Yudken v. Avery Federal Savings and Loan Association,* Ky., 507 S.W.2d 689 (1974). However, the contract in this case is silent as to which party is to receive the interest.

The appellant purchaser basically contends that the contract should be construed prospectively because the language employed in the contract demonstrates that the rights of the parties would not vest until the time of closing; the title to the escrowed down payment would remain in the purchaser until the performance of the condition in the contract, viz., the delivery of the deed and transfer of possession, therefore any interest earned would accrue to the purchaser's benefit. On the other hand the appellee seller contends that the correct construction of the contract is that where, as here, the down payment or escrowed money, is to be credited toward and constituted a part of the purchase price, title to the money vested in the seller, at the time of the simultaneous execution of the contract by the parties and the escrowing of the money, subject to being divested only by a condition subsequent. The interest would therefore accrue to seller. Both parties find language in *Van Dyke v. Lauer,* 9 Wis.2d 141, 100 N.W.2d 335 (1960) to support their positions.

It appears that both sides agree that possession or control of the property to be conveyed during the interval between the contract and delivery of deed is not dispositive of the issue. We agree.

There are many similarities in the contract in *Van Dyke, supra,* and the contract here. The facts differ primarily in two respects: (1) In *Van Dyke* there was an offer made and later an acceptance of the offer to purchase and (2) subsequent to acceptance of the offer the escrow agent absconded with the escrow money. The court held that had the loss occurred prior to acceptance, the loss would have been the purchasers, but since it occurred after the acceptance of the offer, the earnest money payment upon the purchase price, title became vested in the seller, subject to being divested by a condition subsequent and loss was the sellers.

Although both sides have presented persuasive arguments, it is our conclusion that the vendor is entitled to the interest on the $228,000 deposit. We reach this conclusion in view of the fact that the purchaser parted with the money for the benefit of the seller; that is, he paid it as part of the purchase price. The vendor was to retain the down payment [in other words, to continue to keep it, *Ballentine's Law Dictionary,* "retain," (1969 ed.)] even if the purchaser failed to consummate the contract, unless the reason for such failure was lack of merchantability of title or breach of covenant by the vendor.

The down payment was treated by the parties as a part of the purchase price, by both their conduct and the specific language in the contract. There was an actual transfer of possession of the money. There was no way the vendee could recapture his money except for failure of title or delivery of a deed by the vendor. Had there been a loss of the money, due to dishonesty of the vendor's agent or failure of the depository the loss would have been the vendors. These factors support the conclusion that the vendor's title to the money became vested at time of the execution of the contract subject to being divested only upon the vendor's failure to perform or deliver a merchantable title to the vendee. The interest on this money is considered to have the same ownership as the principal by which it is produced. 45 Am.Jur.2d *Interest and Usury* 839.

We find this conclusion to be supported by the jurisdictions that have addressed this issue, *Van Dyke, supra, Lischak v. Kotzer,* 96 Misc.2d 114, 408 N.Y.S.2d 996 (1978) and believe it to be the sounder approach.

The judgment of the Fayette Circuit Court is affirmed.

All concur.