Jerry D. HERNDON, Appellant,

v.

The FIRST NATIONAL BANK OF TULIA, Texas, Appellee.

No. 07–88–0240–CV.

Court of Appeals of Texas, Amarillo.

Jan. 2, 1991.

Second Motion for Rehearing Sustained Jan. 2, 1991.

Rehearing Overruled Jan. 30, 1991.

John F. Arens, Fayetteville, Ark., Robert Bass, Plainview, and Ralph Brock, Lubbock, for appellant.

Richard Hubbert, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

DODSON, Justice.

### Motion on Rehearing

We issued our initial opinion in this case on 18 May 1990. Both parties filed motions for rehearing. On 18 September 1990, we issued another opinion sustaining the Bank's position that Herndon's pleadings were insufficient to show that he was a consumer under the Texas Deceptive Trade Practice Act (DTPA). On 3 October 1990, Herndon filed a second motion for rehearing, claiming his challenged pleadings were sufficient to adequately allege that he was a consumer under the act. We agree and withdraw our opinion on rehearing dated 18 September 1990, our initial opinion dated 18 May 1990 and substitute this opinion in lieu of the previous opinions.

In this instance, Jerry D. Herndon appeals from the trial court's dismissal of his cause of action against the First National Bank of Tulia, Texas (Bank). The record shows that the trial court sustained the Bank's special exceptions to Herndon's amended pleadings. Herndon chose to stand on his amended pleadings. Therefore, the court dismissed his cause of action. On appeal, Herndon claims the court erred by dismissing his cause of action against the Bank. Affirmed in part and reversed and remanded in part.

This litigation was initiated by the Bank's action to recover from Herndon the balance due on a promissory note executed by him to the Bank and foreclosure of the Bank's interest securing the note. Herndon answered denying liability on the note and filed a cross-action against the Bank.

The record shows that the parties stipulated to the amount owed to the Bank by Herndon. Herndon waived his alleged affirmative defenses and agreed to permit the Bank to foreclose its security interest in various properties owned by him. The Bank's action against Herndon was severed from Herndon's action against the Bank. There is no appeal on the Bank's severed action. Consequently, the only matters on appeal relate to Herndon's cross-action against the Bank.

In his live trial pleadings, Herndon's cross-action is stated in eight counts: (1) Breach of Fiduciary Duty; (2) Breach of Contract; (3) Misrepresentation; (4) Negligence; (5) Violation of Deceptive Trade Practices Act, Tex.Bus. & Comm. §§ 17.41–17.63 (Vernon Supp.1987); (6) Breach of the Obligation of Good Faith; (7) Breach of

Contract; and (8) Economic Duress and Business Compulsion.

On 25 May 1988, the Bank filed a motion to dismiss which contained special exceptions in the alternative. On 8 June 1988, the court heard the Bank's motion to dismiss. On 15 June 1988, the court rendered judgment dismissing all of Herndon's counts stated in his counterclaim. This is the trial court's final judgment. Herndon appeals from this judgment.

Herndon brings four points of error. By his first three points of error, he claims the trial court erred by granting the Bank's motion to dismiss his fifth, sixth, and eighth counts because the trial court improperly applied the rules applicable to a judgment of dismissal for failure to state a cause of action and improperly decided the case on the merits. By his fourth point, he claims the trial court erroneously granted the Bank's summary judgment directed to his first, second, third, fourth and seventh counts. We will address each point of error separately.

By his first point of error, Herndon claims the trial court erred by dismissing his cause of action alleged in the fifth count of his live trial pleading. In that count, Herndon alleges violations of the DTPA. In that regard, he alleges, among other things, the following:

33. Paragraphs 1 through 59 of the factual allegations are realleged and incorporated herein by reference.

34. At all times relevant herein, Jerry Herndon was a "consumer" under Tex. Bus. & Comm. § 17.45 (Vernon Supp. 1987) *in that he purchased the financial services of the bank* for the financing of the necessary purchases and expenses incurred by Jerry Herndon in the operation of his farming operation including, but not limited to feed, seed, fertilizer, fuel, herbicides, pesticides, machinery equipment and supplies for handling and application of various inputs to crop and livestock production.

35. *The financial services purchased from the bank included but are not limited to lending money to purchase the items listed in paragraph 34, finan-cial advice on where and when to obtain financing, or abstain from borrowing, and how to structure the various financial arrangements of the Jerry Herndon farming operation.*

36. As more fully set forth hereinabove, the bank violated Tex.Bus. & Comm. §§ 17.46(a), 17.46(b), and 17.50 in ways that included but were not limited to, the following: ... (Emphasis added).

The Bank counters that the court in *Riverside Nat. Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980), "held that bank services ordinarily supplied to a customer such as 'financial counseling' do not qualify a claimant as a consumer entitled to maintain a cause of action under Section 17.50 of the act." We do not agree that court so held. In *Riverside,* the court simply determined that a loan applicant who sought nothing more than the use of money from the lending institution (i.e., a loan of money only) was not a consumer under 'the DTPA.

In *Riverside,* the loan applicant did contend that in the course of extending him credit, the lending institution necessarily provided him other services such as help in filling out his loan application, financial counseling and the processing of his loan. The loan applicant claimed that those activities constituted "services" as defined by the DTPA and made him a "consumer" who could maintain an action under the act.

In rejecting the loan applicant's contention, the *Riverside* court stated:

Additionally, Lewis' *sole complaint* about the transaction *concerned the Bank's failure to make him the loan.* He has *made no complaint concerning* the quality of these *collateral activities* that he now claims constitute a service. *In the absence of a claim concerning these collateral activities,* we hold that Lewis did not seek either "goods or services" as defined under the DTPA. (Emphasis added).

*Riverside* at 175. Thus, the opinion reveals that the loan applicant made no claim, except on appeal, that the collateral activities constituted services. Also, the opinion reveals that there was no evidence in the record that the loan applicant sought to

acquire anything other than the use of money (i.e., a loan). Thus, in this instance, we must disagree with the Bank's contention to the effect that the *Riverside* court held that lending institution services ordinarily supplied to a consumer such as financial counseling do not qualify a claimant as a consumer under the DTPA.

In disposing of Herndon's first point of error we look only to his pleadings to ascertain if they state a cause of action under the DTPA. In that regard we point out that in *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex.1981) the court determined that at least two requirements must be established for a person to qualify as a consumer under the DTPA. First, the person must have sought or acquired goods or services by purchase or lease; and, second, the goods or services purchased or leased must form the basis of the complaint. In this instance, we will not attempt to paraphrase the pleadings or make detailed quotes from them. We deem it sufficient to state that Herndon alleged in his live trial pleadings that he purchased financial services from the Bank including " ... financial advice on where and when to obtain financing, or abstain from borrowing and how to structure the various financial arrangements of the Jerry Herndon farming operation[,]" and that such purchased services form the basis of his claim. Thus, Herndon's pleadings are sufficient to meet the two-prong requirements of *Cameron*. Herndon's first point of error is sustained.

By his second point of error, Herndon claims the trial court erred by granting the Bank's motion to dismiss his count six action. By count six in his pleadings, Herndon claims the Bank breached a duty of good faith and fair dealing by various acts or inaction. By special exception, the Bank asserts that Herndon has failed to state a cause of action for breach of duty of good faith and fair dealing, which is recognized under Texas case law. We agree with the Bank's contentions.

The duty of good faith and fair dealing does not exist in Texas unless intentionally created by express language in a contract or unless a special relationship of trust and confidence exists between the parties to a contract. *Arnold v. Nat. County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987); *Lovell v. Western Nat. Life Ins. Co.*, 754 S.W.2d 298, 302 (Tex. App.—Amarillo 1988, writ denied). *See also Manges v. Guerra*, 673 S.W.2d 180, 183 (Tex.1984); *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983) (Spear J., concurring). In this instance, the pleadings fail to show a duty intentionally created by express language in a contract. Likewise, Herndon, does not plead a relationship which gives rise to the duty. *See Manges v. Guerra*, 673 S.W.2d at 183; *English v. Fischer*, 660 S.W.2d at 524 (for relationship giving rise to the duty). In that regard, we are unaware of any Texas cases holding that a duty of good faith and fair dealing exists between a lending institution and its borrower, under the circumstances presented here. *See, e.g., Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex.1990) (where the court determined, among other things, that neither a secured creditor nor FDIC owed guarantors a duty of good faith and fair dealing to foreclose promptly after default).

Consequently, we conclude that the trial court did not err by sustaining the Bank's special exception to count six. Herndon's second point of error is overruled.

By his third point of error, Herndon claims the trial court erred by sustaining the Bank's special exception to his count eight economic duress claim and by dismissing this count on the ground that no cause of action was plead.

By count eight, Herndon asserts economic duress against the Bank. By its special exception, the Bank claims Herndon failed to state a cause of action for economic duress. In that connection, the Bank agrees and asserts in their brief that the elements of economic duress are stated in *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 109 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Those elements are: (1) a threat to do something which a party threatening has no legal right to do; (2) some illegal extraction or some fraud or

deception; and (3) the restraint is imminent and such as to destroy free agency without present means of protection.

We deem it unnecessary to make a detailed summary of Herndon's rather lengthy pleading under count eight. It is sufficient to state that when these pleadings are viewed in the light most favorable to Herndon, they include allegations of the three elements of economic duress. The pleadings, therefore, are sufficient to state a cause of action for economic duress. Consequently, we further conclude that the trial court erred by sustaining the Bank's special exception to count eight. Herndon's third point of error is sustained.

By his fourth point of error, Herndon claims the trial court erred by granting the Bank's motion for summary judgment because the Bank failed to establish as a matter of law that there are no genuine issues of material facts in controversy. By this point of error, Herndon fails to present reversible error.

■ It is the well-established rule in this State that where the judgment of the trial court rests upon two or more independent grounds, the appellant must attack each ground on appeal or the judgment must be affirmed as resting upon a ground not brought forward as error. *State Farm Mutual Automobile Ins. Co. v. Cowley,* 468 S.W.2d 353, 354 (Tex.1971); *Fluellen v. Young,* 664 S.W.2d 776, 782 (Tex.App.—Corpus Christi 1983, no writ); *Haag v. Pugh,* 545 S.W.2d 22, 24 (Tex.Civ.App.—Eastland 1976, no writ). In this instance, the trial court's dismissal of Herndon's counts one, two, three, four, and seven was grounded on the Bank's special exceptions and the Bank's motion for summary judgment directed at those counts. Only the motion for summary judgment ground is attacked in this Court. Consequently, Herndon's fourth point of error must be overruled.

In summary, Herndon's first and third points of error are sustained and his second and fourth points of error are overruled. Also, Herndon's motion for rehearing dated 3 October 1990 is sustained. That portion of the judgment by which the court dis-

missed Herndon's counts one, two, three, four, six, and seven is affirmed. That portion of the judgment by which the trial court dismissed Herndon's counts five and eight is reversed, and those counts are severed and remanded to the trial court.