NO. 07-01-0149-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 24, 2003



______________________________




JAMES SEYMOUR, APPELLANT



V.



LUMBER SPECIALTIES, INC., APPELLEE




_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NO. 2 OF HARRIS COUNTY;



NO. 736,398; HONORABLE GARY MICHAEL BLOCK, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J. (1)

MEMORANDUM OPINION James Seymour appeals from a judgment in which he was found jointly and
severally liable to Lumber Specialties, Inc., in a suit on account. He asserts challenges
to the legal and factual sufficiency of the evidence. We affirm. 


BACKGROUND

 Lumber Specialties, Inc. ("LSI") sued James Seymour and Dennis Kelly d/b/a Lexus
Fence Company ("Lexus") on an account for lumber sold and delivered. LSI carried the
account as Lexus Fence Company. (2) 

 Trial was to the court. Findings of fact and conclusions of law were filed. Seymour
appeals via four issues asserting legal and factual insufficiency issues.

 In conducting a legal sufficiency review, we review the evidence in a light that tends
to support the finding of the disputed facts and disregard all evidence and inferences to
the contrary. See Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001);
Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001). If more than a scintilla of evidence
exists, the evidence is legally sufficient. Lee Lewis Const., Inc., 70 S.W.3d at 782. More
than a scintilla of evidence exists if the evidence furnishes some reasonable basis for
differing conclusions by reasonable minds about a vital fact's existence. Id. at 782-83. 

 When considering a factual sufficiency challenge to a trial court's findings, appellate
courts must consider and weigh all of the evidence, not just that evidence which supports
the verdict. See Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998);
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.1996); Lofton v. Texas Brine Corp., 720 S.W.2d
804, 805 (Tex.1986). A court of appeals can set aside a trial court finding only if it is so
contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and
unjust. See Maritime Overseas Corp., 971 S.W.2d at 407. Courts of appeals are not fact
finders and may not pass upon the witnesses' credibility or substitute its judgment for that
of the trier of fact, even if the evidence would clearly support a different result. Id.ISSUE ONE: NO EVIDENCE SEYMOUR 

PURCHASED THE LUMBER


 Seymour's brief in regard to the first issue cites two authorities for the general
appellate legal insufficiency standard of review. He cites no authority for assertions
related to his own case, nor does he make any record references. See Tex. R. App. P.
38.1(h). He does not challenge a particular finding of fact, but, rather, states generally that
LSI " . . . must prove that the materials they sold to Lexus Fence Company from November
19, 1999 to January 20, 2000 were purchased by James Seymour, or that James Seymour
was a principal of Lexus Fence Company-either as owner or partner." By way of example,
we are not cited to any authority either setting out elements of a "principal" or "partner";
giving analysis or precedent guiding our review of the evidence and inferences from it; or
establishing the extent of his possible liability, if any, as an "owner" of Lexus.

 Error may be waived by inadequate briefing. See, e.g., Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Trenholm v. Ratcliff, 646
S.W.2d 927, 934 (Tex. 1983); Gulf Coast State Bank v. Emenhiser, 562 S.W.2d 449,
452-53 (Tex. 1978). A contention on appeal is waived by failing to cite authority. See
Metzger v. Sebek, 892 S.W.2d 20, 45 (Tex.App.--Houston [1st Dist.] 1994, writ denied). 
And, an appellate court is not required to make an independent, unguided search of the
record for evidence supporting a party's position or to determine the validity of an issue. 
See Tex. R. App. P. 38.1(h); Fredonia State Bank, 881 S.W.2d at 283; Saldana v. Garcia,
285 S.W.2d 197, 201 (Tex. 1955). 

 We do not consider mere citation for the standard of review, with no further citation
to authority or reference to the record as briefing adequate to present error for review. 

 Moreover, LSI's amended petition on which the parties went to trial alleged that
lumber materials were supplied to and accepted by "Defendants." On direct examination,
LSI witness R.C. McCord testified that he had known Seymour for about 20 years;
Seymour used to own Seymour Fence; in 1999 McCord started doing business with
Seymour again and "it was under Lexus Fence." McCord also testified that the lumber LSI
sold to Lexus was used to build fences; the defendants "used that lumber in their
business"; Seymour actually ordered the goods and picked them up; both Seymour and
Kelly ordered materials; McCord's understanding was that in November, 1999, Kelly was
one of the owners of Lexus; the credit application filled out for LSI said that Seymour was
the owner; both Seymour and Kelly told McCord that Kelly "was also an owner." Seymour
testified that he signed a credit application for LSI in which he indicated that he was owner
of Lexus. The credit application was not admitted into evidence, but the testimony of both
McCord and Seymour as to its contents was admitted without objection. 

 Appellant has waived error. Even if error had been preserved by proper briefing,
legally sufficient evidence exists to support findings that Seymour was both a principal in
and an owner of Lexus. Appellant's first issue is overruled. 

ISSUE TWO: FACTUAL SUFFICIENCY OF THE EVIDENCE Seymour's second issue urges that the trial court's finding that Seymour was liable
to LSI for the account was contrary to the overwhelming weight of the evidence. He
specifically references Finding of Fact II. Just as in his first issue, he urges that in order
to prevail, LSI had to show that Seymour was a principal, owner or partner in Lexus. He
then cites authority for factual sufficiency standards of review. He offers no further
authority and does not reference the record in his argument and authorities section. He
has waived error.

 Furthermore, we recognize that McCord's testimony cited in our discussion of
Seymour's first issue was controverted by Seymour. The trial court as finder of fact is to
analyze such conflicts and inconsistencies in testimony. We do not sit as a fact finder. 
We may not pass judgment on credibility of witnesses or substitute our judgment for that
of the factfinder, even if the evidence would clearly support a different result. See
Maritime Overseas Corp., 971 S.W.2d at 407; Pool v. Ford Motor Co., 715 S.W.2d 629,
634 (Tex. 1986).

 We defer to the trial court's resolution of credibility of the witnesses and conflicting
testimony. The evidence is factually sufficient to support findings that Seymour was both
a principal and an owner, which are the challenges asserted in this issue. We overrule
issue two. 


ISSUES THREE AND FOUR: EVIDENCE THAT SEYMOUR 

WAS A PARTNER DURING THE SPECIFIC 

DATES THE LUMBER WAS SOLD


 Seymour's issue three urges that there is no evidence to support the trial court's
Finding of Fact II that he was a partner in Lexus during the time period when LSI sold the
lumber. He also argues that there is no evidence he personally purchased the goods. 
Issue four asserts factual insufficiency of the evidence in the event we find the evidence
legally sufficient. 

 Although we fail to see how an evidentiary challenge to his personally purchasing
the lumber is an evidentiary challenge to Finding II, we disagree with Seymour's assertion
that there is no evidence he personally purchased the goods. McCord testified that in
1999 LSI started doing business with Seymour under the name of Lexus Fence, and
Seymour actually ordered the goods and picked them up. Such testimony is some
evidence that Seymour personally purchased the lumber. 

 Seymour again does not offer any citations as to the elements of partnership, how
the evidence does or does not relate to those elements, or in what specific manner the
evidence fails to show partnership. He offers citations referencing agency and the liability
of agents for principals. But, even those citations do not discuss elements of agents,
principals, or relate specifics of the evidence to his citations. Nor does he explain how
such citations and the principles referenced relate to his evidentiary challenges to Finding
II that he was a partner in Lexus. 

 Seymour's briefing is inadequate to challenge Finding of Fact II. He has waived
error. We overrule issues three and four.

UNCHALLENGED GROUNDS

SUPPORTING JUDGMENT


 When a separate and independent ground that supports a judgment is not
challenged on appeal, the appellate court must affirm the lower court's judgment. See San
Antonio Press v. Custom Bilt Mach., 852 S.W.2d 64, 65 (Tex.App.--San Antonio 1993, no
writ); Herndon v. First Nat'l Bank of Tulia, 802 S.W.2d 396, 400 (Tex.App.--Amarillo 1991,
writ denied). Seymour does not challenge the trial court's express Findings of Fact III and
IV by any of his issues. Those findings are that Lexus purchased lumber on account from
LSI in the amount of $40,394.39, and defendants failed to pay LSI for the lumber
purchased on account. Seymour did not request any additional or amended findings. See
Tex. R. Civ. P. 298. Because he did not request additional or amended findings, omitted
findings in support of the judgment are presumed, if any express finding is an element of
a ground of recovery and the omitted findings are supported by evidence. See Tex. R. Civ.
P. 299. 

 Presumed findings that Seymour was in the fence business using Lexus as a
business name, LSI extended credit to Lexus based on Seymour's application in which he
stated that he was the owner of Lexus, and Seymour ordered and picked up the lumber for
and used it in Lexus' fence business are supported by evidence. Such presumed findings,
together with unchallenged express Findings III and IV, are support for the judgment. We
are required to affirm the judgment on the basis of such independent grounds. 

CONCLUSION

 Having overruled Seymour's four issues, we affirm the judgment. Additionally, we
are required to affirm the judgment on the basis that it is supported by unchallenged
independent grounds.


 Phil Johnson

 Chief Justice




1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. No assertion was made that Lexus was a corporation. 


he juror was incurable and, therefore, we hold that appellant was
required to object to the discharge to preserve the issue for appellate review. Since
appellant failed to raise this objection, we conclude that this issue is not properly before
us. 
          Appellant does not identify any authority for his proposition that he was not required
to object to the discharge of the juror in order to raise the point on appeal. Based on our
review of the applicable case law, our sister courts impliedly require a timely objection in
order to challenge a juror discharge on appeal. See generally Reyes v. State, 30 S.W.3d
409, 410 (Tex.Crim.App. 2000); Gilmore v. State, No. 11-96-00383-CR, 2005 Tex.App.
LEXIS 5220, at *7 (Tex.App.–Eastland July 7, 2005, no pet.) (unpublished op.); Brown v.
State, No. 12-01-00117-CR, 2002 Tex.App. LEXIS 4365, at *25-*27 (Tex.App.–Tyler June
18, 2002, no pet.) (unpublished op.). In addition, those courts that have addressed
preservation in the context of juror discharge, though in dicta, have expressly indicated that
specific objection as soon as possible is required to preserve the issue for appellate
review. See Lawrence v. State, No. 14-05-00543-CR, 2006 Tex.App. LEXIS 9344, at *4
(Tex.App.–Houston [14th Dist.] October 26, 2006, pet. ref’d) (unpublished op.) (appellate
issue did not comport with objection raised at trial, so appellate issue waived); Webber v.
State, Nos. 05-03-00482-CR, 05-03-00483-CR, 05-03-01001-CR, 2004 Tex.App. LEXIS
5002, at *5 (Tex.App.–Dallas June 4, 2004, pet. ref’d) (unpublished op.) (because
appellant did not object to trial court’s discharge of juror at trial, appellant cannot complain
of discharge on appeal); Chavez v. State, No. 2-01-345-CR, 2003 Tex.App. LEXIS 759,
at *3-*4 (Tex.App.–Fort Worth January 16, 2003, pet. ref’d) (unpublished op.) (because
grounds for objection were apparent from context, appellant’s issue was preserved for
appellate review). Thus, we hold that appellant waived objection to discharge of the juror
in the present case by failing to specifically object on the record


 at the time the trial court
announced the juror’s discharge.
Conclusion
          As appellant failed to preserve any error in the trial court’s discharge of the juror,
there is nothing presented for our review and we affirm the judgment of the trial court.
 
 
                                                                           Mackey K. Hancock

                                                                                     Justice







  

Publish.