NO. 07-01-0149-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 24, 2003

_____

JAMES SEYMOUR, APPELLANT

V.

LUMBER SPECIALTIES, INC., APPELLEE

_____

FROM THE COUNTY CIVIL COURT AT LAW NO. 2 OF HARRIS COUNTY;

NO. 736,398; HONORABLE GARY MICHAEL BLOCK, JUDGE

_____

Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

James Seymour appeals from a judgment in which he was found jointly and severally liable to Lumber Specialties, Inc., in a suit on account. He asserts challenges to the legal and factual sufficiency of the evidence. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

BACKGROUND

Lumber Specialties, Inc. ("LSI") sued James Seymour and Dennis Kelly d/b/a Lexus Fence Company ("Lexus") on an account for lumber sold and delivered. LSI carried the account as Lexus Fence Company.[2]

Trial was to the court. Findings of fact and conclusions of law were filed. Seymour appeals via four issues asserting legal and factual insufficiency issues.

In conducting a legal sufficiency review, we review the evidence in a light that tends to support the finding of the disputed facts and disregard all evidence and inferences to the contrary. See Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001); Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001). If more than a scintilla of evidence exists, the evidence is legally sufficient. Lee Lewis Const., Inc., 70 S.W.3d at 782. More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. Id. at 782-83.

When considering a factual sufficiency challenge to a trial court's findings, appellate courts must consider and weigh all of the evidence, not just that evidence which supports the verdict. See Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998); Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.1996); Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex.1986). A court of appeals can set aside a trial court finding only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and

_____

[2]No assertion was made that Lexus was a corporation.

unjust. See Maritime Overseas Corp., 971 S.W.2d at 407. Courts of appeals are not fact finders and may not pass upon the witnesses' credibility or substitute its judgment for that of the trier of fact, even if the evidence would clearly support a different result. Id.

## ISSUE ONE: NO EVIDENCE SEYMOUR
## PURCHASED THE LUMBER

Seymour's brief in regard to the first issue cites two authorities for the general appellate legal insufficiency standard of review. He cites no authority for assertions related to his own case, nor does he make any record references. See TEX. R. APP. P. 38.1(h). He does not challenge a particular finding of fact, but, rather, states generally that LSI " . . . must prove that the materials they sold to Lexus Fence Company from November 19, 1999 to January 20, 2000 were purchased by James Seymour, or that James Seymour was a principal of Lexus Fence Company-either as owner or partner." By way of example, we are not cited to any authority either setting out elements of a "principal" or "partner"; giving analysis or precedent guiding our review of the evidence and inferences from it; or establishing the extent of his possible liability, if any, as an "owner" of Lexus.

Error may be waived by inadequate briefing. See, e.g., Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983); Gulf Coast State Bank v. Emenhiser, 562 S.W.2d 449, 452-53 (Tex. 1978). A contention on appeal is waived by failing to cite authority. See Metzger v. Sebek, 892 S.W.2d 20, 45 (Tex.App.--Houston [1st Dist.] 1994, writ denied). And, an appellate court is not required to make an independent, unguided search of the

3

record for evidence supporting a party's position or to determine the validity of an issue. See TEX. R. APP. P. 38.1(h); Fredonia State Bank, 881 S.W.2d at 283; Saldana v. Garcia, 285 S.W.2d 197, 201 (Tex. 1955).

We do not consider mere citation for the standard of review, with no further citation to authority or reference to the record as briefing adequate to present error for review.

Moreover, LSI's amended petition on which the parties went to trial alleged that lumber materials were supplied to and accepted by "Defendants." On direct examination, LSI witness R.C. McCord testified that he had known Seymour for about 20 years; Seymour used to own Seymour Fence; in 1999 McCord started doing business with Seymour again and "it was under Lexus Fence." McCord also testified that the lumber LSI sold to Lexus was used to build fences; the defendants "used that lumber in their business"; Seymour actually ordered the goods and picked them up; both Seymour and Kelly ordered materials; McCord's understanding was that in November, 1999, Kelly was one of the owners of Lexus; the credit application filled out for LSI said that Seymour was the owner; both Seymour and Kelly told McCord that Kelly "was also an owner." Seymour testified that he signed a credit application for LSI in which he indicated that he was owner of Lexus. The credit application was not admitted into evidence, but the testimony of both McCord and Seymour as to its contents was admitted without objection.

4

Appellant has waived error. Even if error had been preserved by proper briefing, legally sufficient evidence exists to support findings that Seymour was both a principal in and an owner of Lexus. Appellant's first issue is overruled.

## ISSUE TWO: FACTUAL SUFFICIENCY OF THE EVIDENCE

Seymour's second issue urges that the trial court's finding that Seymour was liable to LSI for the account was contrary to the overwhelming weight of the evidence. He specifically references Finding of Fact II. Just as in his first issue, he urges that in order to prevail, LSI had to show that Seymour was a principal, owner or partner in Lexus. He then cites authority for factual sufficiency standards of review. He offers no further authority and does not reference the record in his argument and authorities section. He has waived error.

Furthermore, we recognize that McCord's testimony cited in our discussion of Seymour's first issue was controverted by Seymour. The trial court as finder of fact is to analyze such conflicts and inconsistencies in testimony. We do not sit as a fact finder. We may not pass judgment on credibility of witnesses or substitute our judgment for that of the factfinder, even if the evidence would clearly support a different result. See Maritime Overseas Corp., 971 S.W.2d at 407; Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).

We defer to the trial court's resolution of credibility of the witnesses and conflicting testimony. The evidence is factually sufficient to support findings that Seymour was both

5

a principal and an owner, which are the challenges asserted in this issue. We overrule issue two.

ISSUES THREE AND FOUR: EVIDENCE THAT SEYMOUR
WAS A PARTNER DURING THE SPECIFIC
DATES THE LUMBER WAS SOLD

Seymour's issue three urges that there is no evidence to support the trial court's Finding of Fact II that he was a partner in Lexus during the time period when LSI sold the lumber. He also argues that there is no evidence he personally purchased the goods. Issue four asserts factual insufficiency of the evidence in the event we find the evidence legally sufficient.

Although we fail to see how an evidentiary challenge to his personally purchasing the lumber is an evidentiary challenge to Finding II, we disagree with Seymour's assertion that there is no evidence he personally purchased the goods. McCord testified that in 1999 LSI started doing business with Seymour under the name of Lexus Fence, and Seymour actually ordered the goods and picked them up. Such testimony is some evidence that Seymour personally purchased the lumber.

Seymour again does not offer any citations as to the elements of partnership, how the evidence does or does not relate to those elements, or in what specific manner the evidence fails to show partnership. He offers citations referencing agency and the liability

6

of agents for principals. But, even those citations do not discuss elements of agents, principals, or relate specifics of the evidence to his citations. Nor does he explain how such citations and the principles referenced relate to his evidentiary challenges to Finding II that he was a partner in Lexus.

Seymour's briefing is inadequate to challenge Finding of Fact II. He has waived error. We overrule issues three and four.

UNCHALLENGED GROUNDS<br>SUPPORTING JUDGMENT

When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm the lower court's judgment. See San Antonio Press v. Custom Bilt Mach., 852 S.W.2d 64, 65 (Tex.App.--San Antonio 1993, no writ); Herndon v. First Nat'l Bank of Tulia, 802 S.W.2d 396, 400 (Tex.App.--Amarillo 1991, writ denied). Seymour does not challenge the trial court's express Findings of Fact III and IV by any of his issues. Those findings are that Lexus purchased lumber on account from LSI in the amount of $40,394.39, and defendants failed to pay LSI for the lumber purchased on account. Seymour did not request any additional or amended findings. See TEX. R. CIV. P. 298. Because he did not request additional or amended findings, omitted findings in support of the judgment are presumed, if any express finding is an element of a ground of recovery and the omitted findings are supported by evidence. See TEX. R. CIV. P. 299.

Presumed findings that Seymour was in the fence business using Lexus as a business name, LSI extended credit to Lexus based on Seymour's application in which he stated that he was the owner of Lexus, and Seymour ordered and picked up the lumber for and used it in Lexus' fence business are supported by evidence. Such presumed findings, together with unchallenged express Findings III and IV, are support for the judgment. We are required to affirm the judgment on the basis of such independent grounds.

## CONCLUSION

Having overruled Seymour's four issues, we affirm the judgment. Additionally, we are required to affirm the judgment on the basis that it is supported by unchallenged independent grounds.


Phil Johnson
Chief Justice

8