NO. 07-03-0262-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 4, 2004



______________________________




IN THE INTEREST OF D.B. AND E.A.B., CHILDREN




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 59,321-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 Appellant Tammy Savage challenges the trial court's order terminating her parent-child relationship with E.A.B. and D.B. She asserts that the Family Code required
dismissal of the suits before the termination hearing. We affirm.BACKGROUND

 On September 30, 1998, the Department of Protective and Regulatory Services
(DPRS) filed a suit affecting the parent-child relationship in the 320th District Court of
Potter County seeking conservatorship of Savage's son E.A.B. The cause number
assigned was 59,321-D. On March 23, 1999, the trial court appointed DPRS permanent
managing conservator of E.A.B. Savage does not contend that such order was not a "final
order." See Tex. Fam. Code Ann. § 263.401(d)(3) (Vernon 2002). (1) 

 On April 12, 1999, DPRS filed a petition in the 320th District Court of Potter County
seeking conservatorship of Savage's daughter D.B. That cause was assigned number
60,262-D. In cause number 60,262-D the trial court appointed DPRS temporary managing
conservator of D.B. on April 27, 1999. On January 20, 2000, the trial court issued a
Permanency Hearing Order in cause number 60,262-D which, among other things,
extended the dismissal date of the suit until October 13, 2000. See section 263.401(a),
(b).

 On January 28, 2000, DPRS filed an Original Petition for Termination in cause
number 59,321-D and an Amended Petition for Termination in cause number 60,262-D. 
On July 24, 2000, Todd White and Kathleen White filed petitions in intervention in both the
suits. By their interventions, the Whites sought termination of the parent-child relationship
between Savage and the children, and appointment as managing conservators of the
children. 

 At a January 22, 2001 hearing, the trial court consolidated the cases under cause
number 59,321-D, appointed DPRS managing conservator of the children and appointed

 Savage as possessory conservator of the children. The written order was signed
on April 27, 2001. 

 On October 25, 2001, the Whites filed a separate suit in the 320th District Court of
Potter County seeking to terminate the parent-child relationship between Savage and both
of the children. The suit was assigned cause number 64,685-D. On August 8, 2002, the
trial court consolidated causes 64,685-D and 64,646-D, a suit filed seeking grandparent
access to the children, into cause number 59,321-D. In January and March, 2003,
Kathleen White ("White") amended her petition seeking termination of the parent-child
relationship between Savage and her children, which was by then pending as part of cause
number 59,321-D. Todd White nonsuited his action. Although she filed an answer to the
original pleading in cause 64,685-D, Savage did not challenge the propriety of the suit, nor
did she file a response to White's amended petitions in the consolidated cause number
59,321-D. 

 On March 24, 2003, cause number 59,321-D was called for trial and Savage
announced ready. After hearing the evidence at a bench trial, the trial court terminated the
parent-child relationship between Savage and the children and appointed White and DPRS
as permanent managing conservators of E.A.B. and D.B. The trial court's order reflecting
this judgment was signed on April 24, 2003. It is from this Order of Termination that
Savage appeals.

 Savage contends that: (1) section 263.401(a) deprived the trial court of subject
matter jurisdiction to terminate Savage's parental rights in the suits filed by DPRS because
the suits should have been dismissed prior to the termination hearing; (2) the waiver
provision contained in section 263.402(b) does not apply because it became effective after
the mandatory dismissal date under section 263.401(a); and (3) if section 263.402(b)'s
waiver provision is applicable, then trial counsel's failure to timely file a motion to dismiss
constituted ineffective assistance of counsel. She does not, however, challenge the trial
court's jurisdiction to terminate her parental rights pursuant to either White's intervention
petition in cause 59,321-D, or White's original suit in 64,685-D, which was consolidated into
cause number 59,321-D. 

LAW AND ANALYSIS

 When a separate and independent ground that supports a judgment is not
challenged on appeal, the appellate court must affirm the lower court's judgment. See San
Antonio Press v. Custom Bilt Mach., 852 S.W.2d 64, 65 (Tex.App.--San Antonio 1993, no
writ); Herndon v. First Nat'l Bank of Tulia, 802 S.W.2d 396, 400 (Tex.App.--Amarillo 1991,
writ denied). And, both White's intervention, see In re C.V.G., 112 S.W.3d 180, 184
(Tex.App.-Houston [1st Dist.] 2003, no pet.), and her separate, original suit, see Leach v.
Brown, 156 Tex. 66, 292 S.W.2d 329, 331 (1956), the propriety of which was not
challenged, vested the trial court with jurisdiction to terminate Savage's parental rights. 

 Because Savage does not challenge the trial court's jurisdiction over claims to
terminate her parental rights via White's intervention and suit, and because White's claims
vested the trial court with jurisdiction to terminate Savage's parental rights, we need not
and do not address Savage's first and second issues which challenge the trial court's
failure to dismiss DPRS's claims for termination. See Tex. R. App. P. 47.1; Herndon, 802
S.W.2d at 400.

 Savage's third issue claims ineffective assistance of counsel based on applicability
of the section 263.402(b) waiver provision and her counsel's failure to seek dismissal of
the DPRS's suit pursuant to section 263.401(a). To prevail on her claim of ineffective
assistance of counsel, however, Savage has the burden to affirmatively prove both
deficient performance by counsel and prejudice from the allegedly deficient performance. 
See Mitchell v. State, 989 S.W.2d 747, 748 (Tex.Crim.App. 1999), citing Strickland v.
Washington, 466 U.S. 668,_, 104 S.Ct. 2052, 2066-68, 80 L.Ed.2d 674 (1984). To prove
prejudice, she must prove a reasonable probability that but for counsel's alleged error, the
result of the proceeding would have been different. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. See Hernandez v. State,
726 S.W.2d 53, 55 (Tex.Crim.App. 1986). 

 Even had counsel moved for and obtained dismissal of the DPRS's claims for
termination of Savage's parental rights pursuant to section 263.401(a), (2) Savage does not
assert or demonstrate that the dismissal would have altered the trial court judgment
terminating her parental rights based on White's claims. Accordingly, she has failed to
demonstrate prejudice from counsel's alleged ineffective assistance. Issue three is
overruled. 


CONCLUSION

 We affirm the Order of Termination.


 Phil Johnson

 Chief Justice






1. Further reference to a section of the Texas Family Code will be by reference to
"section __."
2. Because we do not address the merits of Savage's challenges to the trial court's
jurisdiction, we express no opinion on whether the trial court's ruling would have been
correct had the court sustained such a jurisdictional challenge, had one been presented. 
 


uld also grant Northwest's motion for
rehearing and affirm the summary judgment.


 Brian Quinn

 Chief Justice

 

 







 

NO. 07-04-0058-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 22, 2006



______________________________




GREGORY SHAWN BRYANT AND LINSEY KAY BRYANT,


INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE 


OF KENNALEE D'LIN BRYANT, A DECEASED MINOR, APPELLANTS



v.



ERIC NICHOLAS LEVY, M.D., AMARILLO AREA HEALTHCARE


SPECIALISTS, L.L.P., NORTHWEST TEXAS HEALTHCARE


SYSTEM, INC., APPELLEES



_________________________________



FROM THE 108
TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,510-E; HON. ABE LOPEZ, PRESIDING



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (4) 


ON MOTIONS FOR REHEARING



 I concur with the opinion of Chief Justice Quinn that the motion for rehearing of Eric
Nicholas Levy, M.D., and Amarillo Area Healthcare Specialists, L.L.P. should be granted
and the judgment should be affirmed as to Levy and Amarillo Healthcare Specialists,
L.L.P.; otherwise, as to Northwest Texas Healthcare System, Inc., I would overrule its
motion for rehearing and reverse that portion of the judgment of the trial court.


 Don H. Reavis

 Justice






 

NO. 07-04-0058-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 22, 2006



______________________________




GREGORY SHAWN BRYANT AND LINSEY KAY BRYANT,


INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE 


OF KENNALEE D'LIN BRYANT, A DECEASED MINOR, APPELLANTS



v.



ERIC NICHOLAS LEVY, M.D., AMARILLO AREA HEALTHCARE


SPECIALISTS, L.L.P., NORTHWEST TEXAS HEALTHCARE


SYSTEM, INC., APPELLEES



_________________________________



FROM THE 108
TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,510-E; HON. ABE LOPEZ, PRESIDING



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (5) 

ON MOTIONS FOR REHEARING


 For the reasons expressed in this court's original opinion, I remain convinced that
all the motions for rehearing should be denied. To the majority's decision to grant the
motion for rehearing filed by Eric Nicholas Levy, M. D., and the Amarillo Area Healthcare
Specialists, L.L.P. (AAHS), I respectfully dissent.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon 2005). 
2. Ipse dixit is a label appended to matter that one asserted but failed to proved. Marvelli v. Alston, 100
S.W.3d 460, 478 n.6 (Tex. App.-Fort Worth 2003, pet. denied), quoting BLACK'S LAW DICTIONARY 833
(7th ed. 1999). 
3. The expert conceded that Kennalee's RSV and bronchiolitis were "very severe" and continued to
worsen after the infant entered the hospital. Whether the maladies of those comprising the test group from
which the statistics were taken were equally severe goes unmentioned. They may or may not have been.
4. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005). 
5. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).