NO. 07-08-0513-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 21, 2009
______________________________

DANIEL LUIS CANCINO,
 
Appellant

v.

THE STATE OF TEXAS, 
 
Appellee

                                    _________________________________

FROM THE 69th DISTRICT COURT OF DALLAM COUNTY;

NO. 4046; HON. RON ENNS, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant appeals from his conviction for aggravated assault. The clerk’s record
was filed on December 22, 2008, but the reporter’s record has not been filed. An
extension motion was filed by the court reporter on January 5, 2009, representing that
appellant has not submitted a request for the reporter’s record.
          Accordingly, we abate this appeal and remand the cause to the 69th District Court
of Dallam County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:
          1. whether appellant desires to prosecute the appeal; 
 2. whether appellant is indigent; and, 
3. whether the appellant is entitled to a free appellate record due to his
indigency. 

          The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk’s record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter’s record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental records and reporter’s records transcribing the hearing with the clerk of this
court on or before February 20, 2009. Should further time be needed by the trial court to
perform these tasks, then same must be requested before February 20, 2009.
          It is so ordered.
                                                                           Per Curiam
Do not publish.



at the materials they sold to Lexus Fence Company from November
19, 1999 to January 20, 2000 were purchased by James Seymour, or that James Seymour
was a principal of Lexus Fence Company-either as owner or partner." By way of example,
we are not cited to any authority either setting out elements of a "principal" or "partner";
giving analysis or precedent guiding our review of the evidence and inferences from it; or
establishing the extent of his possible liability, if any, as an "owner" of Lexus.

 Error may be waived by inadequate briefing. See, e.g., Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Trenholm v. Ratcliff, 646
S.W.2d 927, 934 (Tex. 1983); Gulf Coast State Bank v. Emenhiser, 562 S.W.2d 449,
452-53 (Tex. 1978). A contention on appeal is waived by failing to cite authority. See
Metzger v. Sebek, 892 S.W.2d 20, 45 (Tex.App.--Houston [1st Dist.] 1994, writ denied). 
And, an appellate court is not required to make an independent, unguided search of the
record for evidence supporting a party's position or to determine the validity of an issue. 
See Tex. R. App. P. 38.1(h); Fredonia State Bank, 881 S.W.2d at 283; Saldana v. Garcia,
285 S.W.2d 197, 201 (Tex. 1955). 

 We do not consider mere citation for the standard of review, with no further citation
to authority or reference to the record as briefing adequate to present error for review. 

 Moreover, LSI's amended petition on which the parties went to trial alleged that
lumber materials were supplied to and accepted by "Defendants." On direct examination,
LSI witness R.C. McCord testified that he had known Seymour for about 20 years;
Seymour used to own Seymour Fence; in 1999 McCord started doing business with
Seymour again and "it was under Lexus Fence." McCord also testified that the lumber LSI
sold to Lexus was used to build fences; the defendants "used that lumber in their
business"; Seymour actually ordered the goods and picked them up; both Seymour and
Kelly ordered materials; McCord's understanding was that in November, 1999, Kelly was
one of the owners of Lexus; the credit application filled out for LSI said that Seymour was
the owner; both Seymour and Kelly told McCord that Kelly "was also an owner." Seymour
testified that he signed a credit application for LSI in which he indicated that he was owner
of Lexus. The credit application was not admitted into evidence, but the testimony of both
McCord and Seymour as to its contents was admitted without objection. 

 Appellant has waived error. Even if error had been preserved by proper briefing,
legally sufficient evidence exists to support findings that Seymour was both a principal in
and an owner of Lexus. Appellant's first issue is overruled. 

ISSUE TWO: FACTUAL SUFFICIENCY OF THE EVIDENCE Seymour's second issue urges that the trial court's finding that Seymour was liable
to LSI for the account was contrary to the overwhelming weight of the evidence. He
specifically references Finding of Fact II. Just as in his first issue, he urges that in order
to prevail, LSI had to show that Seymour was a principal, owner or partner in Lexus. He
then cites authority for factual sufficiency standards of review. He offers no further
authority and does not reference the record in his argument and authorities section. He
has waived error.

 Furthermore, we recognize that McCord's testimony cited in our discussion of
Seymour's first issue was controverted by Seymour. The trial court as finder of fact is to
analyze such conflicts and inconsistencies in testimony. We do not sit as a fact finder. 
We may not pass judgment on credibility of witnesses or substitute our judgment for that
of the factfinder, even if the evidence would clearly support a different result. See
Maritime Overseas Corp., 971 S.W.2d at 407; Pool v. Ford Motor Co., 715 S.W.2d 629,
634 (Tex. 1986).

 We defer to the trial court's resolution of credibility of the witnesses and conflicting
testimony. The evidence is factually sufficient to support findings that Seymour was both
a principal and an owner, which are the challenges asserted in this issue. We overrule
issue two. 


ISSUES THREE AND FOUR: EVIDENCE THAT SEYMOUR 

WAS A PARTNER DURING THE SPECIFIC 

DATES THE LUMBER WAS SOLD


 Seymour's issue three urges that there is no evidence to support the trial court's
Finding of Fact II that he was a partner in Lexus during the time period when LSI sold the
lumber. He also argues that there is no evidence he personally purchased the goods. 
Issue four asserts factual insufficiency of the evidence in the event we find the evidence
legally sufficient. 

 Although we fail to see how an evidentiary challenge to his personally purchasing
the lumber is an evidentiary challenge to Finding II, we disagree with Seymour's assertion
that there is no evidence he personally purchased the goods. McCord testified that in
1999 LSI started doing business with Seymour under the name of Lexus Fence, and
Seymour actually ordered the goods and picked them up. Such testimony is some
evidence that Seymour personally purchased the lumber. 

 Seymour again does not offer any citations as to the elements of partnership, how
the evidence does or does not relate to those elements, or in what specific manner the
evidence fails to show partnership. He offers citations referencing agency and the liability
of agents for principals. But, even those citations do not discuss elements of agents,
principals, or relate specifics of the evidence to his citations. Nor does he explain how
such citations and the principles referenced relate to his evidentiary challenges to Finding
II that he was a partner in Lexus. 

 Seymour's briefing is inadequate to challenge Finding of Fact II. He has waived
error. We overrule issues three and four.

UNCHALLENGED GROUNDS

SUPPORTING JUDGMENT


 When a separate and independent ground that supports a judgment is not
challenged on appeal, the appellate court must affirm the lower court's judgment. See San
Antonio Press v. Custom Bilt Mach., 852 S.W.2d 64, 65 (Tex.App.--San Antonio 1993, no
writ); Herndon v. First Nat'l Bank of Tulia, 802 S.W.2d 396, 400 (Tex.App.--Amarillo 1991,
writ denied). Seymour does not challenge the trial court's express Findings of Fact III and
IV by any of his issues. Those findings are that Lexus purchased lumber on account from
LSI in the amount of $40,394.39, and defendants failed to pay LSI for the lumber
purchased on account. Seymour did not request any additional or amended findings. See
Tex. R. Civ. P. 298. Because he did not request additional or amended findings, omitted
findings in support of the judgment are presumed, if any express finding is an element of
a ground of recovery and the omitted findings are supported by evidence. See Tex. R. Civ.
P. 299. 

 Presumed findings that Seymour was in the fence business using Lexus as a
business name, LSI extended credit to Lexus based on Seymour's application in which he
stated that he was the owner of Lexus, and Seymour ordered and picked up the lumber for
and used it in Lexus' fence business are supported by evidence. Such presumed findings,
together with unchallenged express Findings III and IV, are support for the judgment. We
are required to affirm the judgment on the basis of such independent grounds. 

CONCLUSION

 Having overruled Seymour's four issues, we affirm the judgment. Additionally, we
are required to affirm the judgment on the basis that it is supported by unchallenged
independent grounds.


 Phil Johnson

 Chief Justice




1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. No assertion was made that Lexus was a corporation.